Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
SAMANTHA PARIS

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| SAMANTHA PARIS, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **PLAINTIFF'S** |
| | ) **COMPLAINT** |
| | ) |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SAMANTHA PARIS ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NATIONWIDE CREDIT, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Tulare, Tulare County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and

RFDCPA.

11. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency with a principal place of business in the City of For Washington, State of Pennsylvania.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with American Express.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant placed calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-7265, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 559-795-2410, which is one of Defendant's telephone numbers.

23. On or about December 2, 2021, Plaintiff answered Defendant's collection call and spoke with one of Defendant's male collectors.

24. During the above-mentioned conversation:

   a. Defendant's male collector offered to settle the alleged debt with Plaintiff.

   b. Plaintiff advised Defendant's male collector that she is making payments on the alleged debt and that she could not afford to settle it.

    c. Defendant's male collector transferred Plaintiff to one of Defendant's managers.

    d. Defendant's manager again tried to push Plaintiff into settling the alleged debt.

    e. Plaintiff advised Defendant's manager that she cannot afford to settle the alleged debt.

    f. Defendant's manager requested to conference Plaintiff's husband into the call to discuss settling the alleged debt.

25. Despite knowing that Plaintiff cannot afford to settle the alleged debt, Defendant's agents continued to harass Plaintiff into making a payment.

26. Defendant engaged in the foregoing conduct with intent to annoy, abuse, or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-six (26) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when

Defendant's male collector and manager continued to harass Plaintiff into making a payment to settle the alleged debt when Plaintiff repeatedly advised them that she cannot afford to settle the alleged debt;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant's manager requested to speak with Plaintiff's husband; and

c. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, SAMANTHA PARIS, respectfully requests judgment be entered against Defendant, NATIONWIDE CREDIT, INC., for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

# COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-six (26) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant's male collector and manager continued to harass Plaintiff into making a payment to settle the alleged debt when Plaintiff repeatedly advised them that she cannot afford to settle the alleged debt and when Defendant's manager requested to speak with Plaintiff's husband; and

   b. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, SAMANTHA PARIS, respectfully requests judgment be entered against Defendant, NATIONWIDE CREDIT, INC., for the following:

34. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

35. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

36. Any other relief that this Honorable Court deems appropriate.

                                                  RESPECTFULLY SUBMITTED,

DATED: March 24, 2022        By: /s/ Michael S. Agruss
                                                     Michael S. Agruss
                                                     Attorney for Plaintiff